**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003106
25-APR-2014
08:30 AM**

NO. CAAP-13-0003106

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF SP

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 10-00102)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)

Respondent-Appellant Mother (**Mother**) appeals from the Order Terminating Parental Rights, filed August 8, 2013 in the Family Court of the First Circuit[1] (**family court**).

In terminating Mother's parental rights to her child, SP, the family court concluded that (1) Mother was not currently willing and able to provide a safe family home to SP, (2) it was not reasonably foreseeable that Mother would become willing and able to provide a safe family home to SP, and (3) the October 1, 2012 Proposed Permanent Plan (**October PPP**) submitted by Petitioner-Appellee Department of Human Services, State of Hawai'i (**DHS**) with the stated goal of adoption was in the best interest of SP.

---

[1] The Honorable Matthew J. Viola presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mother's point of error as follows.

On appeal, Mother claims the record lacks substantial evidence to support the finding that the October PPP, which was approved by the family court, is in the best interest of SP. Mother notes that a prior proposed permanent plan was disapproved by the family court because it identified Father's relatives on the mainland as prospective adoptive parents of SP. Mother admits the October PPP deleted all reference to specific placement for SP. However, Mother maintains DHS nonetheless intends to place SP with the previously identified adoptive parents. Thus, Mother contends the plan is not in the best interest of SP.

During the proceeding on August 8, 2013, Mother did not challenge the October PPP based on its goal of adoption. Rather, Mother argued she would not agree to any permanent plan that did not include a specific placement provision because it "leaves it up in the air as to where [SP] will be placed." Mother objects on the basis that DHS still intends to place SP with Father's relatives on the mainland despite removal of that provision in the October PPP. Mother preferred adoption by SP's current local caregivers.

Barry Kwock (**Kwock**), a DHS social worker, testified the goal of adoption is to provide SP with a safe and stable loving home. Kwock also testified that the prior proposed permanent plan erroneously identified where SP would be placed. He stated the October PPP did not specify who would adopt SP. Kwock did state DHS has a general policy of placing children with relatives if possible and that if allowed by the family court, SP would be

placed with Father's relatives on the mainland. However, Kwock also stated that DHS had not made a decision on where to place SP and would look into the issue of placement again given the family court's denial of the prior proposed permanent plan.

Specification of adoptive parents is not required in a proposed permanent plan under Hawaii Revised Statutes (**HRS**) § 587A-32 (Supp. 2013). In addition, under HRS § 587A-33(b)(3) (Supp. 2013), after the family court terminates parental rights, terminates the existing service plan, and revokes foster custody, the permanent custody of the child shall be awarded to an appropriate authorized agency. Thus, the family court cannot approve a permanent plan that specifies adoptive parents because it is contrary to HRS § 587A-33(b)(3).

In the August 8, 2013 Order Terminating Parental Rights, the family court ordered all parties to appear at a permanency hearing on November 12, 2013. "At each permanency hearing where a permanent plan is ordered, the court shall make appropriate orders to ensure timely implementation of the permanent plan and to ensure that the plan is accomplished within a specified period of time." HRS § 587A-31(e) (Supp. 2013). Thus, the issue of the permanent adoption of SP is not determined until after termination of Mother's parental rights and approval of a permanent plan and approval by the family court after a permanency hearing.

The October PPP approved by the family court was supported by clear and convincing evidence that adoption was in the best interest of SP and it was made in accordance with HRS §§ 587A-32 and -33.

Therefore,

IT IS HEREBY ORDERED that the Order Terminating

3

Parental Rights, filed August 8, 2013 in the Family Court of the First Circuit is affirmed.

DATED:   Honolulu, Hawai'i, April 25, 2014.

On the briefs:

Leslie C. Maharaj
for Respondent-Appellant
Mother.

Mary Anne Magnier
Asami M. Williams
Deputy Attorneys General
for Petitioner-Appellee
Department of Human Services.

Presiding Judge

Associate Judge

Associate Judge